UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK                    Hearing Date: 1/6/08

-------------------------------------------------x        Chapter 13
In Re
Abraham Fogel and Chany Fogel                    Index No. 08-36436
                Debtor
-------------------------------------------------x

## AFFIRMATION IN OPPOSITION TO §329 MOTION

      I, Shmuel Klein, affirm under the penalties of perjury that I have knowledge of the following and state the same is true:

1.    I am counsel for the debtors in the above captioned case. This affirmation is filed in opposition to the Chapter 13 Trustees motion pursuant to §329 of the Bankruptcy Code.

2    It is urged that the motion be denied. The Chapter 13 Trustee states that on October 23, 2008 the confirmation for this case was adjourned to December 2, 2008. This case was not on the calendar for October 23, 2008.

3.    The case was heard on October 28, 2008, with four other cases I had on that day. I requested an adjournment for each of the four cases. Request was granted by this Court and all were adjourned to December 16, 2008. My notes indicate that for each and every case, especially and including the one at bar, that all the cases were adjourned to December 16, 2008 and not December 2, 2008. I duly appeared early on December 16, 2008 for all my cases. In fact, all of those cases are listed on the December 16, 2008 calendar, with the exception of the instant case, for reasons unknown to me.

4.    The 2016 statement states that the fee is for the "petition preparation, schedules, b22, IRS expenses, credit report review credit counseling review and no other work." Notwithstanding the statement, it also includes attendance at **one** 341 meeting and **one** confirmation hearing. It must be noted for the record that the confirmation was held on October 28, 2008 and it is urged that the fee charged was

earned for the work performed. It must also be noted that additional appearances were not contemplated in the fee pursuant to the 2016 statement.

5. I urge this Court to allow the Chapter 13 to go forward and allow me to retain my earned fee.

WHEREFORE, Debtor respectfully requests that the application be denied.

Dated: December 26, 2008 /s/ Shmuel Klein
      Spring Valley, NY     Law Office of Shmuel Klein, PC sk7212
    Attorney for Debtor
    268 West Route 59
    Spring Valley, NY  10977
    845-425-2510

## CERTIFICATE OF SERVICE

I, Shmuel Klein, affirm under the penalties of perjury that I am not a party to this action and I am over the age of 18 years old. I have offices at 268 West Route 59, Spring Valley, NY 10977. I served the within Affirmation in Opposition on December 26, 2008 by depositing a true copy thereof in a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the US Postal Service within the State of New York, first class mail, addressed to:

Jeffrey L. Sapir, Esq
Chapter 13 Trustee
399 Knollwood Road  Suite 103
White Plains, NY 10603

Dated:  December 26, 2008     /s/ Shmuel Klein
    Shmuel Klein

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK                    Hearing Date: 1/6/08

-------------------------------------------------x     Chapter 13
In Re
Abraham Fogel and Chany Fogel                    Index No. 08-36436
                    Debtor
-------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO §329 MOTION

COMES NOW Shmuel Klein in the above caption case and submits this Memorandum of Law in Opposition to the Chapter 13 Trustee's motion pursuant to §329.

Bankruptcy Code Section 329 governs fee arrangements between a debtor and the attorney. 11 U.S.C. § 329. The legislature's goal in enacting section 329 was to prevent overreaching by a debtor's attorney. Section 329 states:

TITLE 11. BANKRUPTCY · UNITED STATES CODE
Chapter 3. Case Administration
Subchapter II. Officers
    a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
(1) the estate, if the property transferred—
(A) would have been property of the estate; or
(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
(2) the entity that made such payment.

Section 330 of Title 11 sets out a non-exhaustive list of factors for courts to consider in reviewing the compensation received and if it is reasonable. Although, attorneys are not included in the list of officers whose compensation is to be assessed under Section 330, many courts consult those factors for guidance in establishing reasonable fees. In determining the amount of compensation that is reasonable under Section

330, courts consider, among other things, "whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. 330(a)(3)(A)(E).

The fee charged was $3500.00 legal fee and the $274.00 filing fee or a total of $3724.00. It is the customary fee for Chapter 13s in this District.

Rules 2016 and 2017 are designed to implement § 329. Fed. R. Bankr. P. 2017 advisory committee's note (1983); see Fed. R. Bankr. P. 2016 advisory committee's note (1987). provides:

Disclosure of compensation paid or promised to attorney for debtor

Every attorney for a debtor . . . shall file and transmit to the United States trustee . . . the statement required by S 329 . . . . A supplemental statement shall be filed . . . within 15 days after any payment or agreement not previously disclosed.   Fed. R. Bankr. P. 2016(b).

The fee charged was for several hours of pre-petition interviews with the debtors, and to explain the various bankruptcy chapters, review of their respective credit reports, review of their tax returns. After said review, three hours were spent in the preparation of the petition, schedules, and plan and review of the same with the debtors. Another hour was spent on the b22 means test and review of the IRS standards as they apply to the means test. Three hours were allotted for one §341 meeting and four hours were allotted for one confirmation hearing.   The fee did not include additional confirmation hearings.

It is urged that the fee charged by your deponent is fair and reasonable and has been earned.

WHEREFORE, Debtor respectfully requests that the application be denied.

Dated:  December 26, 2008                    /s/ Shmuel Klein
    Spring Valley, NY                    Law Office of Shmuel Klein, PC sk7212
                                                         Attorney for Debtor
                                                         268 West Route 59
                                                         Spring Valley, NY  10977
                                                         845-425-2510